UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| LYNNETTE BLACKMAN, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CAUSE NO. 1:11-CV-143 |
| | ) |
| GYNECARE, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiffs filed this personal injury and product liability case in this Court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Docket # 1.) The complaint names as Defendants three corporations and, upon information and belief, "Doe Manufacturers 1 - 100", who are "manufacturers, persons, agents, servants, employees, corporations, partnership or other business entities whose true names are unknown by Plaintiff[s] at the present time." (Compl. ¶ 13.) The complaint further alleges "upon information and belief," that the Doe Manufacturers are "citizens and residents of the State of California, or are domiciled within the State of California, or conduct regular and sustained business within the State of California." (Compl. ¶ 13.)

"[T]he existence of diversity jurisdiction cannot be determined without knowledge of every defendant's place of citizenship." *Howell v. Tribune Entm't Co.*, 106 F.3d 215, 218 (7th Cir. 1997); *see also Schwarz v. Midwest Airlines, Inc.*, No. 09-CV-668, 2009 WL 2224890, at *1 (E.D. Wis. July 23, 2009); *Willis v. Rose Art, Inc.*, No. 3:07-cv-192, 2007 WL 1280586, at *1 (N.D. Ind. Apr. 30, 2007). Because diversity jurisdiction must be "proved" by a plaintiff rather "than assumed as a default," a court cannot presume that a "John Doe" defendant is diverse with

respect to a plaintiff. *Moore v. Gen. Motors Pension Plans*, 91 F.3d 848, 850 (7th Cir. 1996) (citation omitted). Accordingly, "John Doe" defendants are ordinarily not allowed in federal diversity suits. *Moore*, 91 F.3d at 850; *Schwarz*, 2009 WL 2224890, at *1; *Willis*, 2007 WL 1280586, at *1.

There are, however, limited exceptions to this rule. For example, when the "John Does" are "mere nominal parties" who have no interest in the action, their presence does not affect diversity jurisdiction. *Moore*, 91 F.3d at 850; *U.S. Fire Ins. Co., Inc. v. Charter Fin. Group, Inc.*, 851 F.2d 957, 959 n.3 (7th Cir. 1988) (collecting cases); *Schwarz*, 2009 WL 2224890, at *1; *Willis*, 2007 WL 1280586, at *1. However, if "John Does" are "actual entities, not merely possible entities that may be discovered", and plaintiffs seek relief against them, they "have a legal interest in th[e] action as they are being directly sued" and thus their citizenship must be proved by the plaintiffs. *Schwarz*, 2009 WL 2224890, at *1; *see also Willis*, 2007 WL 1280586, at *1.

Accordingly, Plaintiffs are granted to and including August 29, 2011, to file an amended complaint establishing the citizenship of Defendants Doe Manufacturers 1-100 or, alternatively, to show cause why the case as plead should not be dismissed for lack of subject matter jurisdiction. Contemporaneously with the entering of this Order, the Court is setting an initial scheduling conference for September 12, 2011, at 1:00 p.m. (Fort Wayne time).

SO ORDERED. Enter for August 9, 2011.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge